O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAMES R. BARKS, et al.,                    ) Case No. SACV 11-901 RNB
                                           )
                        Plaintiffs,        )
                                           ) ORDER DISMISSING ACTION FOR
            vs.                            ) FAILURE TO PROSECUTE
                                           )
ONEWEST BANK, etc., et al.                 )
                                           )
                        Defendants.        )
                                           )

        On September 13, 2011, the Court granted defendant OneWest Bank's Motion
to Dismiss First Amended Complaint and set a deadline of October 28, 2011 for
plaintiffs to file a Second Amended Complaint.

        When, as of November 7, 2011, no Second Amended Complaint had been filed
by plaintiffs, the Court issued an Order requiring plaintiffs, on or before November
23, 2011, to either file a Second Amended Complaint or show cause, in writing, why
this action should not be dismissed for failure to prosecute.

        The November 23, 2011 deadline now has passed without plaintiffs filing either
a Second Amended Complaint or a response to the Order to Show Cause.

        Plaintiffs' failure to file a Second Amended Complaint or a response to the
Order to Show Cause evidences a lack of prosecution on their part.  The Court has
inherent power to achieve the orderly and expeditious disposition of cases by

1

1   dismissing actions for failure to prosecute.  See Link v. Wabash R.R., 370 U.S. 626,
2   629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Federal Rule of Civil Procedure 41(b).

3         In Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988), the Ninth Circuit cited
4   the following factors as relevant to the Court's determination whether to dismiss an
5   action for failure to prosecute: "(1) the public's interest in expeditious resolution of
6   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
7   defendants; (4) the public policy favoring disposition of cases on their merits, and (5)
8   the availability of less drastic sanctions."

9         Here, the Court finds that the first and second Carey factors militate strongly
10  in favor of dismissal.  As a result of plaintiffs' failure to file a Second Amended
11  Complaint, this action essentially has been and will continue to be stalemated.  The
12  Court further finds that the fifth Carey factor militates in favor of dismissal since the
13  Court is unaware of any less drastic sanctions that the Court could impose to induce
14  plaintiffs to file a Second Amended Complaint.  Finally, even if the third and fourth
15  Carey factors do not militate in favor of dismissal, the Court finds based on its
16  familiarity with plaintiffs' claims from its consideration of plaintiffs' preliminary
17  injunction motion that the three other Carey factors in this instance outweigh the third
18  and fourth factors.

19        IT THEREFORE IS ORDERED that this action is dismissed for failure to
20  prosecute.

21        LET JUDGMENT BE ENTERED ACCORDINGLY.

23  DATED: November 29, 2011

                                            _____
26                                          ROBERT N. BLOCK
                                            UNITED STATES MAGISTRATE JUDGE

2